UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03025-SVW-JC | Date | April 4, 2018 |
| Title | Carol Pulliam v. USC Verdugo Hills Hospital et al. | | |

## JS-6

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING SUMMARY JUDGEMENT [88] [89]

### I. Introduction

This case was originally filed in the Los Angeles Superior Court by Carol Pulliam ("Plaintiff") against USC Verdugo Hills Hospital ("USC") and MSS Nurses Registry, Inc. ("MSS") (collectively, "Defendants"). Against USC, Pulliam alleges libel, slander, wrongful termination, intentional interference with employment contract, violation of Title VII, and violation of California Government Code § 12940 (h). Against MSS, Pulliam alleges libel, slander, violation of Title VII, and violations California Government Code § 12940 (h) and (k). Presently before the Court are both Defendants' Motions for Summary Judgment. For the following reasons, the Court **GRANTS** Defendants' Motions for Summary Judgment as to Plaintiff's Title VII claim, and **REMANDS** all remaining claims to the Los Angeles Superior Court.

### II. Facts

Plaintiff is a licensed nurse who practices in California. She was employed by MSS as an Agency Nurse for approximately 11 months, beginning September 7, 2015. Dkt. 55, p. 2. Agency nurses generally work for a single parent company and are referred out to different medical care facilities. As part of Plaintiff's agency assignment with MSS, Plaintiff was assigned to USC Verdugo Hills Hospital on December 18, 2015.

While at USC, a dispute arose over whether Plaintiff had failed to record a missing pill of Tramadol, a controlled narcotic. Plaintiff acknowledged removing the pill from the medication dispenser but no records indicated that a patient had received the pill. USC attempted to investigate the issue to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03025-SVW-JC | Date | April 4, 2018 |
|---|---|---|---|
| Title | *Carol Pulliam v. USC Verdugo Hills Hospital et al.* | | |

determine if Plaintiff had committed a record-keeping error. Dkt. 88, p. 13. USC approached Plaintiff and asked about the missing pill. Plaintiff did not acknowledge any discrepancy and attempted to blame an unrelated error regarding the medication dispenser. Dkt. 88, p. 13; Dkt. 95, p. 10.[1]

On January 25, 2018, Plaintiff separately claims that she was approached by an ICU charge nurse who asked Plaintiff to sign a blank incident report so that USC could fire another nurse. The charge nurse indicated that she would use the incident report to fire a nurse who caused the death of a patient. Plaintiff claims refused to sign the form because she did not have any personal knowledge of the incident. Dkt. 95, p. 5. Plaintiff asked the charge nurse why she should sign the report and the charge nurse said that she wanted Plaintiff to sign the incident report because Plaintiff was a "strong, black nurse." *Id.*

Plaintiff worked at USC for approximately two months. On January 27, 2016, USC asked MSS to place Plaintiff on a "Do Not Send" list, attributing this change to the medication error. Dkt. 88, p. 36.

Procedurally, it is important to note that Defendants both served Plaintiff with requests for admission and Plaintiff did not respond to either Defendant. As a result of Plaintiff's refusal to respond to both Defendants' Requests for Admission, the requests are automatically deemed admitted. Fed. R. Civ. P. 36(a)(3); *Federal Trade Comm. v. Medicor LLC*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002). Accordingly, Plaintiff has made the following admissions. Plaintiff committed a medication error on or about January 17, 2016. (UMF 48.) MSS placed her on a do-not-call list for legitimate, non-discriminatory reasons. (UMF 49.) Plaintiff's race had nothing do with MSS placing her on a

---

[1] On or about February 10, 2016, Plaintiff submitted a written statement to MSS, in which she stated that the medication error was due to a miscount of the medication in the medication dispenser made by a previous nurse. (UMF 33.) However, the statement acknowledged that Plaintiff had removed the Tramadol on the date in question. (UMF 34.) Plaintiff attached to her statement an e-mail from the Director of Pharmacy Services at USC Verdugo Hills Hospital, in which the Director was asking the clinical coordinator to investigate with Plaintiff where the one 50 mg tablet she accessed had ended up, because the Director noted that the medication was not charted as being given to the patient on the day she removed it from the dispenser. (UMF 34.) The Director's email confirmed to MSS what Clinical Coordinator had said and explained that the miscount Plaintiff was referencing in her statement was a result of nurses (including Plaintiff) using a 100 mg order (which would be two 50 mg tablets) to access the medication dispenser, but then only taking out one 50 mg tablet. (UMF 35.) However, this did not result in any missing medication, as it was just a discrepancy between the automated electronic count for the dispenser and the physical count, which was corrected later when the charge nurse did a blind count of the medication. (UMF 36.) This error is unrelated to the case at hand because the issue in Plaintiff's case was that Plaintiff acknowledged that she retrieved a 50 mg tablet from the machine but there was no record of Plaintiff ever giving the 50 mg tablet to the patient. Plaintiff's written response did not provide any information or otherwise respond to the fact that there was no record on the patient's chart of her giving the patient the Tramadol. (UMF 38.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03025-SVW-JC | Date | April 4, 2018 |
|---|---|---|---|
| Title | *Carol Pulliam v. USC Verdugo Hills Hospital et al.* | | |

do-not-call list. (UMF 50). Plaintiff was never discriminated against during her employment with MSS. (UMF 51.) Plaintiff's employment was not terminated because of her race. (UMF 52.) Despite the fact that these admissions significantly determine the issues for summary judgment in this matter, the Court finds that even without these admissions, the Court GRANTS summary judgment for the Defendants on the Title VII claims.

### III. Legal Standard

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsuhita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Accordingly, summary judgment should be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue of a material fact. Fed R. Civ. P. 56(e); *Matsuhita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 587.

### IV. Argument

#### a. Title VII

In order to prevail on Title VII claim, Plaintiff must show that she was subject to adverse employment action or disparate treatment because of her purported protected characteristic—in this case, her race. In short, "a disparate treatment claim cannot succeed unless the employee's protected trait . . . had a determinative influence on the outcome." *Hazen Paper Co. v. Beggins*, 507 U.S. 604, 610 (1993*); see also Allen v. Scribner*, 812 F.2d 426, 434 (9th Cir. 1987) (the protected characteristic must have been "a 'substantial' factor'" in the alleged adverse employment action). And, to that effect, "stray remarks and offhand comments" do not rise to the level of actionable conduct. *Lee v. Eden Medical Center*, 690 F. Supp. 2d 1011, 1025 (N.D. Cal. 2010).

Therefore, if an employer moves for summary judgment against a disparate treatment claim, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03025-SVW-JC | Date | April 4, 2018 |
|---|---|---|---|
| Title | *Carol Pulliam v. USC Verdugo Hills Hospital et al.* | | |

employer must show either that one of these elements cannot be established or "articulate some legitimate nondiscriminatory reason for the employee's rejection." *Terrell v. Contra Costa County*, 232 Fed.Appx. 626, 628 (9th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Under the burden shifting test established in *McDonnell Douglas*, once the employer presents evidence showing a legitimate, non-discriminatory reason supporting its employment decision, the "burden returns to the plaintiff to prove that the articulated reason is pretextual. . . . Ultimately, the question is whether it is more likely than not that the employer's conduct was motivated solely by intentional discrimination." *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991)(overturned on other grounds); *see also Reeves v. Sanderson Plumbing Products, Inc.*, 520 U.S. 133, 143 (2000) ("[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff").

    **b. USC-Specific Claims**

        **i. Plaintiff Cannot Make A *Prima Facie* Case for Discrimination**

Under the *McDonnell Douglas* test, Plaintiff must first make a *prima facie* showing of racial discrimination. To determine if race discrimination took place, the Court must look at the merits of Plaintiff's claim with regard to her belief that she was discriminated against for being black.

Plaintiff alleges that because she was labeled as a "strong, black nurse" she was targeted to sign a blank incident report, and her refusal to do so was the sole reason she was not rehired by USC. First, the statement is, at most, ambiguous in its derogatory nature. Second, the statement does not have a substantial effect on the outcome of this case, as it is merely an offhand comment. The Ninth Circuit has held that one statement without additional evidence of racial discrimination is insufficient to state a claim for racial discrimination. *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1239 (9th Cir. 1994) (family of Japanese-descent accused city of enacting discriminatory ordinances, relying on an agent's statement: "Why should these Japanese people make all that money?"; the statement alone was insufficient to establish discrimination); *see also Lee v. Eden Medical Center*, 690 F. Supp. 2d 1011, 1025 (N.D. Cal. 2010) (in an employment discrimination case based on race, the Court held that "stray remarks and offhand comments . . . do not rise to the level of a hostile work environment"). Third, there is no connection between the charge nurse who made the statement and the decision-maker, the Clinical Coordinator, who chose to remove Plaintiff from her work at USC. Plaintiff has not provided any evidence linking the one statement she relies upon to the decision to remove her.

The Court finds that Plaintiff has not met her burden of showing that a reasonable jury would

                                                                                                                                      :

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03025-SVW-JC | Date | April 4, 2018 |
|---|---|---|---|
| Title | *Carol Pulliam v. USC Verdugo Hills Hospital et al.* | | |

find this one statement enough to constitute racial discrimination leading to her termination.

### ii. USC Had A Legitimate, Non-Discriminatory Reason For Its Employment Decision

Even if the Court assumes that Plaintiff can make a *prima facie* showing of racial discrimination, USC's decision requesting Plaintiff's separation from USC–Verdugo Hills Hospital was based upon a legitimate, nondiscriminatory reason. The evidence before the Court indicates that the basis for Plaintiff's removal from USC was not Plaintiff's race, but rather the medication error Plaintiff committed.

Plaintiff admitted in her deposition that she committed a medication error on January 17, 2016. (UMF 29, 65.) The records in this corroborate that Plaintiff dispensed a 50mg tablet of Tramadol, a controlled substance, for Patient 668160351, but neither administered the pill to the patient nor documented the loss of the tablet. (UMF 20–40, 43–50.) A clinical coordinator and a doctor extensively reviewed Patient 668160351's charts and hospital records to resolve this discrepancy, to no avail. (UMF 27–39, 42–45.) When the coordinator attempted to discuss the error with Plaintiff—to give her an opportunity to explain—she refused to speak to him. (UMF 46-50.) Accordingly, USC asked MSS to remove Plaintiff from any assignments to USC Verdugo Hills Hospital.

To overcome USC's legitimate business reasons, Plaintiff must come forward with specific evidence that the nondiscriminatory reason is pretextual. A failure to introduce admissible, specific evidence is grounds for summary judgment. *Mundy v. Household Fin. Corp.*, 885 F.2d 542, 546 (9th Cir. 1989)(plaintiff did not provide "a genuine issue of material fact as to pretext" for age discrimination because there was no evidence that age was a "determining factor" in the decision to terminate plaintiff where an older employee was not terminated.); *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)(plaintiff could not survive summary judgment because "mere assertions" of a "discriminatory motivation and intent in failing to promote him were inadequate without substantial factual evidence to raise an issue precluding summary judgment."); *see also Texas Dept. of Commun Affairs v. Burdine*, 450 U.S. 248, 253 (1981) (requiring plaintiff to prove pretext by a "preponderance of evidence"); *McDonnell Douglas Corp.*, 411 U.S. at 805 (1973).

Plaintiff has admitted that she was responsible for a missing tablet of a controlled substance. (UMF 29, 65.) As Plaintiff recognized in her deposition, it is within USC's business interest not to accept a registry nurse who has an instance of a medication error in her professional history. (UMF 56.) Indeed, USC and MSS share a mutual interest in working with nurses who will not compromise patient

Initials of Preparer     PMC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03025-SVW-JC | Date | April 4, 2018 |
|---|---|---|---|
| Title | *Carol Pulliam v. USC Verdugo Hills Hospital et al.* | | |

safety and can complete their duties efficiently and properly. (UMF 68.) Accordingly, in his January 28, 2016 personnel evaluation regarding Plaintiff, the Clinical Coordinator noted Plaintiff's medication error and subsequent uncooperativeness. (UMF 79.) It was within USC's legitimate business interest to request a separation from Plaintiff's services. Plaintiff provides no evidence that she attempted to resolve the medication error issue with USC.

By making no effort to solve this alleged issue with her superior, USC demonstrates a legitimate business need to deny Plaintiff further work. Plaintiff had the burden of proving that USC did not have a reasonable basis to believe that there was a medication error, which she has failed to do in any substantial manner. Plaintiff's sole factual contention is that there was an accounting error with the medication dispenser. *See supra* fn. 1. Plaintiff does not provide any evidentiary explanation regarding how exactly this error in the machine would affect this case. The machine error was about whether one pill was dispensed or two; the issue Plaintiff was removed for involved the one pill she admitted to taking from the machine and why that pill had not been administered to the patient or reported as lost. Furthermore, even if the Court presumed Plaintiff's explanation was accurate and did in fact explain the missing medication, Plaintiff never told USC about these issues until after she was dismissed. The question before the Court is what information USC knew at the time of Plaintiff's removal. Plaintiff's refusal to explain any of this to USC prior to her removal—despite multiple options for doing so—shows that USC could only rely on the information it had about the missing pill in coming to this conclusion. Plaintiff has not created a genuine dispute of material fact or shown that USC's stated rationale for her removal was a pretext for racial discrimination.

   c.  **MSS**

As for Plaintiff's claim against MSS, there is no evidence that MSS racially discriminated against Plaintiff. To establish her *prima facie* case of racial discrimination, an essential element Plaintiff must show is that the adverse action occurred under circumstances suggesting a discriminatory motive. *Texas Dept. of Community Affairs v. Burdine*, 450 US 248, 253-254 (1981). Plaintiff submits no such evidence. Plaintiff provides no explanation for why the Court should infer and attribute a racial animus against African-Americans from MSS when MSS hired Plaintiff knowing she was African-American, and then proceeded to place her at numerous healthcare facilities before the medication error occurred. Instead of suggesting a discriminatory animus, the undisputed facts demonstrate that the sole reason for her removal from any hospitals was the medication error attributed to her—not her race. Plaintiff cannot make a *prima facie* showing of racial animus.

Furthermore, Plaintiff was uncooperative with her superiors regarding the medication error at

_____ : _____

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03025-SVW-JC | Date | April 4, 2018 |
|---|---|---|---|
| Title | *Carol Pulliam v. USC Verdugo Hills Hospital et al.* | | |

USC; USC thus notified MSS that they believed Plaintiff had made a medication error involving a controlled substance. Once MSS received that information, MSS upheld their company policy to not place Plaintiff at any other healthcare facilities until it received clearance that no error was committed. (Dkt. 89, p. 9.) Absent an indication that Plaintiff did not commit a medication error, MSS continues to exercise their right not to place Plaintiff at other health care facilities. Plaintiff recognized this at her deposition when asked, "Do you think it's totally reasonable for [MSS] to not assign you anywhere at this period of time while they wait for the clearance that you described?" Plaintiff responded, "Yes." Dkt. 89-3, p. 69. Plaintiff also commented, "I've never heard [MSS] say anything about my race or anything like that." Dkt. 89-3, p. 68.

Once an employer submits evidence showing a legitimate, non-discriminatory reason exists for the alleged adverse action, "the plaintiff must show that the articulated reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115 (9th Cir. 2000) (internal quotations omitted). "Although a plaintiff may rely on circumstantial evidence to show pretext, such evidence must be both specific and substantial." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d at 1062 (9th Cir. 2002) (internal citations and quotation marks omitted). Plaintiff has failed to meet her burden. Her opposition submits no "specific and substantial" evidence from which a trier of fact could conclude that MSS was motivated by a discriminatory animus.

### V. Conclusion

For the aforementioned reasons, this Court **GRANTS** Defendants' Motions for Summary Judgment with regard to Title VII. However, the Court REMANDS Plaintiff's remaining state claims to the Los Angeles Superior Court.